UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OGRE VENTURES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:23-cv-2041 |
| | ) |
| OHIO CASUALTY INSURANCE COMPANY and M F AND T NORTH AMERICA LLC, | ) ) ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant, Ohio Casualty Insurance Company (hereinafter "Ohio Casualty"), pursuant to 28 U.S.C. § 1441 and § 1446, hereby files its Notice of Removal of a civil action to the United States District Court for the Southern District of Indiana, Indianapolis Division, from the Superior Court 6 of Marion County, Indiana, and respectfully states:

1. Ohio Casualty is a named Defendant in an action now pending in the Superior Court 6 of Marion County, Indiana, Cause No. 49D06-2310-PL-039936, styled *Ogre Ventures LLC v. Ohio Casualty Insurance Company & M F and T North America LLC*. The action was initiated by the filing of Plaintiff's Complaint and Demand for Jury Trial ("Complaint") on October 11, 2023. (*Complaint*, attached hereto as Exhibit A).

2. Plaintiff is a limited liability company organized under the laws of Indiana. Its sole member is domiciled in Indiana. Therefore, Plaintiff is a citizen of the State of Indiana. (Exhibit A, ¶ 5).

3. Defendant Ohio Casualty is a corporation organized under the laws of the State of New Hampshire with its principal place of business in the State of Massachusetts. Therefore, Ohio Casualty is a citizen of New Hampshire and Massachusetts. (Exhibit A, ¶ 6).

4. Defendant MFT is a limited liability company organized under the laws of the State of Massachusetts. Its sole member, Karen Tarantino, is domiciled in Massachusetts. Therefore, MFT is a citizen of Massachusetts.

5. Thus, the parties named in Plaintiff's Complaint are completely diverse as no Plaintiff and Defendant are domiciled in the same state.

6. The gravamen of the Complaint is for coverage under a policy of insurance issued by Ohio Casualty and obtained by Defendant M F and T North America LLC ("MFT"). (Exhibit A).

7. Plaintiff's Complaint seeks "in excess of hundred thousand dollars ($100,000)." (Exhibit A. ¶¶ 44, 48, 52, and 68).

8. Plaintiff also seeks punitive damages in regards to its claim of bad faith against Ohio Casualty. (Exhibit A. ¶ 68).

9. Punitive damages would be available under Indiana law if Plaintiffs' bad faith claim is proven. See *Erie Insurance Company v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993).

10. Indiana law limits punitive damages to the greater of $50,000 or three times the amount of compensatory damages awarded for the predicate tort. Ind. Code §34-51-3-4.

11. Therefore, the amount in controversy between Plaintiff and Defendants exceeds $75,000.00 exclusive of costs and interest.

12. Service of Plaintiff's Complaint and summons on Ohio Casualty was initiated by certified mail and received by Ohio Casualty on October 13, 2023. Therefore, this Notice is timely

pursuant to 28 U.S.C. 1446(b) as it is being filed on the next day that is not a Saturday, Sunday, holiday, or closure, thirty days after receipt by Ohio Casualty of a copy of Plaintiff's Complaint.

13. Service of Plaintiff's Complaint and summons on MFT was initiated by certified mail and received by MFT on October 28, 2023. MFT's Consent to Removal is attached hereto as Exhibit "B".

14. Therefore, the Court has original jurisdiction under 28 U.S.C. §1332 over the claims asserted by Plaintiff against Ohio Casualty and MFT. *Meridian Security Insurance Co. v. Sadowski*, 441 F.3d 536 (7th Cir. 2006); *Spivey v. Vertrue, Inc.*, 528 F.3d 982 (7th Cir. 2008); *O'Boy*, 2006 W.L. 1660750 at *5.

15. Upon receiving a file-marked copy of this Notice of Removal, Ohio Casualty will serve a file-marked copy of this Notice of Removal upon counsel for Plaintiff and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Marion County, Indiana.

Respectfully submitted,

KIGHTLINGER & GRAY, LLP

By  *s/ Cory E. Emmons*
Cory E. Emmons, ID No. 32578-49
*Attorney for Defendant, Ohio Casualty Insurance Company*
cemmons@k-glaw.com

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
|---|---|
| OGRE VENTURES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OHIO CASUALTY INSURANCE | ) |
| COMPANY, and M F and T NORTH | ) |
| AMERICA LLC, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Ogre Ventures LLC, ("Plaintiff"), by counsel, for its Complaint against Ohio Casualty Insurance Company and M F and T North America LLC, (together, "Defendants") alleges and states as follows:

**Nature of the Case**

1. This is an action at law and in equity for damages and injunctive and/or declaratory relief arising out of the acts and omissions of Defendants.

2. Plaintiffs bring this action pursuant to the common and statutory law of the State of Indiana.

**Jurisdiction and Venue**

3. This Court has jurisdiction over all Defendants in accordance with applicable constitutional principles and Rule 4.4, among others, of the Indiana Rules of Trial Procedure.

4. Venue is proper in this Court because the case arises out of damage to and indemnification regarding real property located in Marion County, Indiana, and out of a comprehensive policy of insurance that was intended by all parties to insure property located in Marion County, Indiana.

7111975

EXHIBIT A

## Parties

5. Plaintiff is a domestic limited liability company which, at all relevant times, owned and/or controlled real property situated in Indiana for which insurance coverage was sought from Defendants. Plaintiff's Registered Agent and Member is Tim Ginn, who is a resident and citizen of the State of Indiana.

6. Defendant Ohio Casualty Insurance Company ("Ohio Casualty") was, at all relevant times, a property and casualty insurance company incorporated and existing under the laws of the State of New Hampshire and with headquarters and its principal place of business located at 175 Berkeley Street, Boston, Massachusetts, 02116. Ohio Casualty's registered agent for service of process in Indiana is listed with the Indiana Department of Insurance as Corporation Service Company, 135 N. Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204.

7. Defendant M F and T North America LLC ("M F & T") was at all relevant times a foreign limited liability company organized and existing under the laws of the State of Massachusetts and with headquarters located at 10909 Massachusetts Ave., Arlington, MA 02476.

8. Although M F & T purportedly obtained property insurance coverage for an insured and a risk located in Indiana, upon information and belief, M F & T is not licensed to sell insurance in the State of Indiana.

## Factual Allegations

9. At all times relevant, Plaintiffs owned, controlled, operated and/or had insurable interests in certain residential real properties located in Marion County (hereinafter the "Investment Properties").

10. In late 2021, M F & T assumed the handling of Plaintiff's insurance coverage on the Investment Properties. Plaintiff was in the process of remodeling or renovating some of the Investment Properties or were otherwise working to enhance the value of the Investment Properties for the purpose of selling them for a profit.

11. Plaintiff, acting by and through their authorized representative, made it clear to M F & T that they needed insurance on all of the Investment Properties and provided whatever information was requested by M F & T for the purpose of obtaining appropriate insurance.

12. Plaintiff relied on M F & T's professed expertise to determine where to apply for insurance, to determine the types and amounts of insurance that would be needed, and to otherwise handle Plaintiff's needs as they related to properly insuring the Investment Properties.

13. Upon information and belief, defendant M F & T, acting by and through its authorized representative, contacted defendant Ohio Casualty for the purpose of obtaining insurance on the Investment Properties, including the property located at 214 N. State Ave., Indianapolis, IN 46201 (the "Loss Location").

14. At all relevant times Plaintiff made it known to M F & T that the Loss Location was vacant, and that at some future time construction activities were expected to begin.

15. M F & T agreed to obtain appropriate insurance coverage for Plaintiff's Investment Properties including the Loss Location to include appropriate forms and endorsements that would take into account the status of the property and Plaintiff's intentions regarding the property, and to include appropriate forms and endorsements necessary to protect the interests of Plaintiff in the policy obtained or to be obtained.

16. M F & T owed Plaintiff a duty to exercise reasonable care to properly and timely handle and interpret all communications regarding the request for coverage and regarding the policy of insurance at issue in this case, including all communications regarding underwriting

issues, cancellations, reinstatements, any revisions or corrections to the Policy that were needed, and any communications regarding claims.

17. Ohio Casualty was, at all relevant times, either actually aware of the fact that the Investment Properties were vacant homes that Plaintiff intended to "flip", or had constructive knowledge or notice of the vacant condition of the Investment Properties, including the Loss Location, and agreed to insure the properties in that condition.

18. Upon information and belief, M F & T obtained a policy of insurance from Ohio Casualty for the Loss Location, identified as Policy Number BMO643272271, with effective dates of 1/21/2022 – 1/21/2023, listing Ogre Ventures as the named insured ("the Policy").

19. The Policy was never provided to Plaintiff prior to the date of the loss at issue in this action.

20. Upon information and belief, the Policy may have been provided to M F & T, but M F & T never provided the Policy to Plaintiff, either before or after the loss at issue in this action.

21. On March 24, 2022, the Loss Location was severely damaged by fire ("the Fire Loss").

22. Plaintiff timely submitted a claim to Ohio Casualty and complied fully with all requests made by Ohio Casualty regarding the claim, which was given claim number 24035883 ("the Claim").

23. By letter dated September 23, 2022 on "Liberty Mutual Insurance" letterhead and signed by "Brian Smithers" who was identified as a "Senior Property Adjuster II", Ohio Casualty denied Plaintiff's Claim (the "Denial Letter").

4

7111975

EXHIBIT A

24. The stated reason for the denial in the Denial Letter was that the "date of loss occurred more than 60 days after the policy's inception" and that, at that time "no permits had been pulled, and no rehabilitation or renovation work had begun on the vacant building."

25. The Denial Letter purported to reference language from the Policy.

26. Because Plaintiff has never been provided with the Policy, as Ohio Casualty either knew or should have known when the Denial Letter was issued, Ohio Casualty was estopped from relying on the quoted language as a basis to deny the Claim.

27. By denying Plaintiff's Claim under these circumstances, Ohio Casualty breached the duty of good faith and fair dealing owed to the insured based on long-standing Indiana law thereby causing additional loss and damage to its insured beyond the loss and damage caused by the fire itself.

28. M F & T's agreement with Plaintiff to obtain appropriate types and amounts of insurance coverage on Plaintiff's property situated in Indiana in exchange for payment formed a valid and enforceable verbal contract.

29. Plaintiff fully performed all of the terms and conditions of the verbal contract with M F & T.

30. M F & T breached its verbal agreement to obtain appropriate types and amounts of insurance coverage on Plaintiff's property situated in Indiana.

31. Plaintiff has been damaged as a direct and proximate result of M F & T's breach of contract.

32. M F & T owed Plaintiff a duty to advise regarding the appropriate types and amounts of insurance coverage for the Loss Location by virtue of the circumstances described above.

33. M F & T breached its duty to advise Plaintiff, and Plaintiff has been damaged as a direct and proximate result of M F & T's failure to advise Plaintiff regarding the terms and conditions of the Policy M F & T obtained for Plaintiff.

34. To date, Ohio Casualty has refused to make any payment whatsoever to Plaintiff under the Policy for the Fire Loss.

35. By refusing to accept and pay Plaintiff's Claim, Ohio Casualty has breached its contract with the insured because Ohio Casualty knew or should have known that it was estopped from enforcing a contract term or provision that was neither provided nor explained to the insured.

36. Plaintiff reserves the right to amend this Complaint to include a true and correct copy of the Policy including all forms, endorsements, and declarations, if and when such Policy is provided to Plaintiff in the course of discovery in this action.

37. As a direct and proximate result of the actions and/or inactions of Defendants, Plaintiff has suffered and continues to suffer significant loss and damage, including, without limitation, being forced to litigate with a third party.

**FIRST CAUSE OF ACTION**
**(Breach of Contract Against Ohio Casualty)**

38. Plaintiff incorporates by reference all of the above allegations.

39. Plaintiff had a contract with Ohio Casualty when the Loss occurred.

40. The contract, by operation of applicable law, did not include any term that limited or precluded coverage for the Loss.

41. Ohio Casualty breached the insurance contract by failing to pay to Plaintiff the amounts due under the contract.

42. As a direct and proximate result of Ohio breach of contract, Plaintiff has been denied the policy benefits due to it under the contract.

6

43. As a further direct and proximate consequence of Ohio Casualty's breach of contract, Plaintiff has suffered other reasonably contemplated damages, including without limitation incidental, consequential, lost business opportunity and profits, and prejudgment interest.

44. Plaintiff prays for judgment on this count in an amount in excess of one hundred thousand dollars ($100,000), the exact amount to be determined by a jury at the trial of this matter.

## SECOND CAUSE OF ACTION
### (Professional Negligence Against M F & T)

45. Plaintiff incorporates by reference all of the above allegations.

46. M F & T owed Plaintiff a duty to exercise reasonable care, skill, and good faith diligence in advising Plaintiff about their insurance needs, in communicating about, interpreting, and obtaining the appropriate coverage, and in negotiating with Ohio Casualty for inclusion of the proper forms and/or endorsements.

47. M F & T negligently breached its duties to Plaintiff.

48. As a proximate cause M F & T's negligence, Plaintiff has been damaged in an amount in excess of one hundred thousand dollars ($100,000), and has suffered other damages, including without limitation incidental, consequential, lost business opportunity and profits, and prejudgment interest.

## COUNT THREE
### (Special Relationship With M F & T)

49. Plaintiff incorporates by reference all of the above allegations.

50. M F & T owed a heightened duty to Plaintiff because of the special relationship that existed between Plaintiff and M F & T.

51. M F & T negligently breached its heightened duty to Plaintiff.

7

7111975

EXHIBIT A

52. As a proximate cause of M F & T's negligence, Plaintiff has been damaged in an amount in excess of one hundred thousand dollars ($100,000), and has suffered other damages, including without limitation incidental, consequential, lost business opportunity and profits, and prejudgment interest.

## COUNT FOUR
### (Declaratory Relief Against All Defendants)

53. Plaintiff incorporates by reference all of the above allegations.

54. Plaintiff is entitled to a declaratory judgment from this court construing the Ohio Casualty Policy, including its endorsements, terms, limitations, and conditions, and including other written communications regarding the Policy, and the respective rights and responsibilities of the parties under the Policy, including without limitation whether Ohio Casualty has any liability for the losses incurred by Plaintiff.  M F & T is an interested party to this declaratory judgment action as its rights and responsibilities may depend on the resolution of these issues.

55. Plaintiff further requests any other relief the court deems equitable and proper, including, but not limited to, an award of attorney fees, interest, and costs.

## COUNT FIVE
### (Reformation of Insurance Policy)

56. Plaintiff incorporates by reference all of the above allegations.

57. If the Policy is construed by the Court to include the vacancy provision as was represented in the Denial Letter, then the policy issued by Ohio Casualty was a result of mistake. The Policy should have been issued to cover the Loss Location notwithstanding the vacancy.

58. If the court finds in favor of Ohio Casualty on the declaratory judgment count, Plaintiff requests that the court reform the insurance policy to reflect the intentions of the parties and/or the reasonable expectations of the insured that coverage would exist for the Loss Location notwithstanding vacancy.

## COUNT SIX
### (Equitable Estoppel)

59. Plaintiff incorporates by reference all of the above allegations.

60. If the Ohio Casualty policy is construed by the court to include the vacancy provision as represented in the Denial Letter, then Ohio Casualty is equitably estopped from enforcing against Plaintiff the literal terms of the policy based on their promise, as communicated to Plaintiff through the other defendant, to provide coverage under the Policy notwithstanding the vacancy at the Loss Location.

61. Plaintiff was justified in believing that it had coverage for the Loss Location and Plaintiff relied on Defendant's representations of coverage as communicated to Plaintiff, and Defendants' actions and inactions caused prejudice to Plaintiff in that Plaintiff did not seek coverage from other agents or insurers for the Loss Location.

62. The court should exercise its equitable jurisdiction to estop Ohio Casualty from limiting coverage in any way that is inconsistent with their representations or the representations of their agent.

## COUNT SEVEN
### (Bad Faith Against Ohio Casualty)

63. Plaintiff incorporates by reference all of the above allegations.

64. During the adjustment of the Claim, Ohio Casualty took an unreasonable and unfair approach to determining the terms and endorsements of the insurance policy, which to date have had the effect of effectively denying any coverage to the insured. Ohio Casualty's position contravened the terms contained in the communications to Plaintiff, to Plaintiff's detriment. Ohio Casualty also unreasonably refused to communicate their coverage position to Plaintiff, unreasonably delayed the claim, and unreasonably interpreted the terms of the insurance policy.

65. Ohio Casualty lacked reasonable justification for its actions, or, in the alternative, should have realized that their construction of the policy was at odds with another reasonable construction of the policy that would have entitled the insured to coverage for the Loss.

66. Ohio Casualty placed its own interests before the interests of the insured, and unfairly restricted the policy benefits to which Plaintiff was and is entitled. Under the circumstances of this case, Ohio Casualty has made an unfounded refusal to pay policy proceeds to which Plaintiff was reasonably entitled and for which Plaintiff had a reasonable expectation.

67. Ohio Casualty acted with malice, fraud, gross negligence, and/or oppressiveness with respect to Plaintiff's Claim.

68. As a result of Ohio Casualty's breach of the duty of good faith and fair dealing, Plaintiff has been damaged in an amount in excess of one hundred thousand dollars ($100,000). Plaintiff prays for judgment against Ohio Casualty in an appropriate amount, according to the evidence, to include compensatory damages, punitive damages as allowed by law, plus interest, costs, and attorney fees.

**COUNT EIGHT**
**(Breach of Contract Against M F & T)**

69. Plaintiff incorporates by reference all of the above allegations.

70. Plaintiff had an enforceable contract with M F & T pursuant to which M F & T agreed to advise Plaintiff about its insurance needs, to obtain the appropriate coverage, and to negotiate with Ohio Casualty for inclusion of the proper forms.

71. Plaintiff fully performed all of its obligations pursuant to its contract(s) with M F & T.

72. M F & T failed to perform their obligations pursuant to the contract(s).

73. As a result of these breaches, Plaintiff has suffered and continue to suffer significant loss and damage.

**WHEREFORE**, Plaintiff demands judgment against the defendants as set forth above plus costs, interest, and attorney's fees as allowed by law.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

By: /s/ Michael L. Schultz
Michael L. Schultz (20361-49)
James A. L. Buddenbaum (14511-49)
PARR RICHEY FRANDSEN PATTERSON KRUSE LLP
251 N. Illinois Street, Suite 1800
Indianapolis, IN  46204
Telephone:   (317) 269-2500
Facsimile:   (317) 269-2514

*Attorneys for Plaintiff, Ogre Ventures LLC*

11

7111975

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| OGRE VENTURES LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| OHIO CASUALTY INSURANCE COMPANY and M F AND T NORTH AMERICA LLC, | ) ) ) |
| | ) |
| Defendant. | ) |

**NOTICE OF CONSENT TO REMOVAL**

Defendant M F and T North America LLC, acknowledges its consent to removal of *Ogre Ventures LLC v. Ohio Casualty Insurance Company & M F and T North America LLC*, from the Marion County Superior Court 6, Indiana to the United States District Court for the Southern District of Indiana, Indianapolis Division.

Respectfully submitted,

By: */s/ Kimbley A. Kearny*
Kimbley A. Kearney #31825-46
CLAUSEN MILLER, P.C.
200 Commerce Square
Michigan City, Indiana 46360
Tel: 219-262-6106
Fax: 312 606-7778
kkearney@clausen.com
*Attorney for Defendant M F and T NORTH AMERICA LLC*

EXHIBIT B